AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Records of expliamdavis@gmail.com obtained from Google LLC on May 21, 2021

Case No. '22 MJ3352

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the  Southern  District of  California , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21USC §§ 841, 846 | Conspiracy to Distribute Controlled Substances |

The application is based on these facts:
See Attached Affidavit of FBI Special Agent Nicholas Cheviron, incorporated herein by reference.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Nicholas Cheviron, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by  telephone  *(specify reliable electronic means)*.

Date: 09/12/2022

*Judge's signature*

City and state: San Diego, California    Honorable Allison H. Goddard, U.S. Magistrate Judge
*Printed name and title*

ATTACHMENT A
INFORMATION TO BE SEARCHED

The FBI San Diego Field Office maintains a copy of records of expliamdavis@gmail.com obtained from Google LLC pursuant to the Prior Warrant on May 21, 2021. These records are located at the FBI San Diego Field Office at 10385 Vista Sorrento Parkway, San Diego, CA 92121.

ATTACHMENT B

The search of the data supplied by Google LLC pursuant to the Prior Warrant (at Exhibit A, incorporated herein) for expliamdavis@gmail.com will be conducted by the FBI as provided in the "Procedures For Electronically Stored Information" of the affidavit submitted in support of this search warrant and will be limited to the period of January 1, 2021, to May 17, 2021, and to the seizure of:

a. Communications, records, and attachments tending to discuss or establish the creation of businesses, records, invoices, transactions, Bill of Lading information, and shipping information to conceal the distribution of controlled substances or to set up test runs of such shipments;

b. Communications, records, and attachments tending to discuss the legitimate cargo or details of the modes of transportation being used conceal the distribution of narcotics or to set up test runs of such shipments;

c. Communications, records, and attachments tending to identify the individuals and locations sourcing the concealed narcotics as well as the recipient individuals and locations and Ports of the concealed narcotics;

d. Communications, records, and attachments tending to identify the users of screen names TOM FORD, Sion, and any co-conspirators (such as Liam Davis) involved in the activities in paragraphs (a)-(c) above; and

e. Communications, records, and attachments that provide context to any communications described above, such as electronic mail sent or received in temporal proximity to any relevant electronic mail and any electronic mail tending to identify user(s) of the subject account.

**which are evidence of violations of Title 21, United States Code, Sections 841(a)(1), 846.**

# AFFIDAVIT IN SUPPORT OF
# APPLICATION FOR SEARCH WARRANT

I, Nicholas I. Cheviron, being duly sworn, hereby depose and state as follows:

## TRAINING AND EXPERIENCE

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since January 2007. I am currently assigned to the San Diego Division, working as a member of the Organized Crime squad. Prior to my employment with the FBI, I was a police officer with the Bloomington, Illinois, Police Department for approximately three years. I received basic narcotic enforcement training while attending the Illinois Police Training Institute, for 12 weeks, in Champaign, Illinois. During my time as a police officer, I received several hours of specialized narcotic enforcement training. I also had the opportunity to investigate and take part in several narcotic investigations. In addition to the training I received as a police officer, I also received extensive investigative training while attending the FBI Academy at Quantico, Virginia, for 21 weeks.

2. Since becoming an FBI Special Agent, I have investigated all aspects of criminal organizations to include narcotics trafficking, money laundering, and the operation of illegal gambling businesses. I have interviewed and operated informants, executed search warrants, arrested and interviewed subjects, conducted physical surveillances, utilized electronic and video surveillance, and testified in federal and state courts. I have led and participated in investigations involving the use of electronic surveillance techniques to include, but not limited to, court-authorized wire intercepts; video surveillance; global positioning satellite ("GPS") trackers; and body-worn monitoring devices. These investigations have included violations of statutes listed under Titles 18, 21, 31, and 49 of the United States Code as well as violations under California state law. As a result of these investigations, I have reviewed conversations of hundreds of individuals involved in both drug trafficking and the laundering of illicit proceeds. From my training and experience, I have become familiar with the techniques and methods utilized by criminal organizations.

3. I have conducted and participated in investigations concerning the

identification of co-conspirators through telephone records and bills, financial documents, drug ledgers, photographs, and other documents. I have also participated in and conducted debriefs of individuals who were arrested and later cooperated with law enforcement. I have led and participated in investigations in which the court-authorized interception of communications or other electronic surveillance tools were utilized to further the investigation. In that regard, my involvement has included writing Title III affidavits and search warrants for email accounts and the GPS pings of cellular phones based off information gleaned from Title III intercepts, assisting with surveillance, reviewing intercepted communications, and preparing written reports resulting from my observations.

4. Based on my training and experience, I am familiar with the methods of operation of drug smuggling organizations, including their methods of distribution, storage, and transportation of illicit drugs, their methods of collecting proceeds of drug trafficking, and their methods of laundering money to conceal the nature of the proceeds. During the course of my employment, I have also become familiar with the ordinary meaning of controlled substance slang and jargon, packaging methods, consuming and transferring of controlled substances, and I am familiar with the manners and techniques of traffickers in cocaine, methamphetamine, heroin, fentanyl, and marijuana.

5. In addition to above-stated training and experience, I have also worked with and consulted numerous agents and law enforcement officers who have investigated criminal organizations throughout the United States, including Southern California, as well as transnational organized crime groups. Additionally, I have received training focusing on criminal enterprises and tactics utilized by the enterprise to generate and facilitate illicit funds. Those tactics include narcotics trafficking, illegal gambling and bribery. I have also attended training that focused on the laundering of illicit funds. Additionally, I have participated in numerous working group meetings which focused on transnational organized crime and the various methods used to facilitate transnational organized crime. In additional to formal training, I have consulted with various experienced law enforcement officers who

2

1  are trained in the abovementioned topics. Furthermore, I have had numerous discussions
2  with senior law enforcement officers and agents specializing in maritime and aviation-based
3  drug smuggling organizations. Through these investigations and training, I am familiar with
4  the operations of drug trafficking and money laundering organizations in the United States
5  and abroad.

6      6.    My experience as a law enforcement officer, both as a police officer and as a
7  SA with the FBI; my participation in numerous criminal organization investigations; my
8  conversations with other SAs of the FBI, SAs of the Drug Enforcement Administration
9  (DEA), and other law enforcement officers familiar with narcotics trafficking, money
10 laundering, and transnational organized crime; and my training form the basis of the
11 opinions and conclusions set forth below which I drew from the facts set forth herein.

12     7.    The facts set forth in this Affidavit are based on my personal knowledge;
13 knowledge obtained from other individuals during my participation in this investigation;
14 my review of documents and bank records related to this investigation; communications
15 with others who have personal knowledge of the events and circumstances described herein;
16 and information gained through my training and experience. All the dates, times, and
17 amounts listed in this affidavit are approximate. Because this affidavit is submitted for the
18 limited purpose of establishing probable cause in support of the application to seize the
19 property listed below, it does not set forth each and every fact that I or others have learned
20 during the course of this investigation.

21     **PURPOSE OF THE AFFIDAVIT**

22     8.    This affidavit is based on a search warrant signed on May 17, 2021, by United
23 States Magistrate Judge Michael S. Berg, in 21MJ1948 and the supporting Application and
24 Affidavit by FBI Special Agent Nicholas Cheviron (the "Prior Warrant"). The warrant,
25 application, and affidavit for the Prior Warrant were unsealed upon application of the United
26 States on June 7, 2021, and are attached hereto as Exhibit A and hereby incorporated by
27 reference.

28

9.      I make this affidavit in support of an application by the United States of America for a follow-on warrant to search the data already by provided by Google LLC for the same email account, expliamdavis@gmail.com ("**Subject Account**"), referenced in the Prior Warrant and seize the material responsive to Attachment B in the Prior Warrant. On May 19, 2021, the Prior Warrant was served on Google LLC via their law enforcement web portal. On or about May 21, 2021, Google LLC provided results for the **Subject Account**, and FBI personnel downloaded the results on May 21, 2021. The dataset provided by Google LLC comprises approximately 170 kb of data, and is currently already in the possession of FBI-San Diego, as outlined in Attachment A of the instant warrant. Since May 21, 2021, the other urgent investigative needs of this case have taken priority and investigators were not able to search the data supplied by Google LLC pursuant to the Prior Warrant's Attachment B.

10.     The instant follow-on warrant seeks authorization for the FBI to search the data already provided by Google LLC and downloaded by FBI-San Diego pursuant to the Procedures for Electronically Stored Information set forth below and to seize the data outlined in Attachment B. The seizure parameters in the instant Attachment B are identical as the Attachment B in the Prior Warrant.

### PROCEDURES FOR ELECTRONICALLY STORED INFORMATION

11.     Federal agents and investigative support personnel are trained and experienced in identifying communications relevant to the crimes under investigation. The personnel of Google are not. It would be inappropriate and impractical for federal agents to search the vast computer network of Google for the relevant accounts and then to analyze the contents of those accounts on the premises of Google LLC. The impact on Google LLC's business would be disruptive and severe.

12.     Therefore, I request authority to seize all content, including electronic mail and attachments, stored instant messages, stored voice messages, photographs, and any other content from the Google account, as described in Attachment B. In order to

4

accomplish the objective of the search warrant with a minimum of interference with the business activities of Google LLC, to protect the privacy of ISP subscribers whose accounts are not authorized to be searched, and to effectively pursue this investigation, FBI seeks authorization to allow Google LLC to make a digital copy of the entire contents of the account subject to seizure. That copy will be provided to me or to any authorized federal agent. The copy will be imaged and the image will then be analyzed to identify communications and other electronic records subject to seizure pursuant to Attachment B. Relevant electronic records will be copied to separate media. The original media will be sealed and maintained to establish authenticity, if necessary.

13. Analyzing the data to be provided by Google LLC may require special technical skills, equipment, and software. It may also be very time-consuming. Searching by keywords, for example, often yields many thousands of "hits," each of which must be reviewed in its context by the examiner to determine whether the data is within the scope of the warrant. Merely finding a relevant "hit" does not end the review process. Keyword searches do not capture misspelled words, reveal the use of coded language, or account for slang. Keyword searches are further limited when electronic records are in or use foreign languages. Certain file formats also do not lend themselves to keyword searches. Keywords search text. Many common electronic mail, database and spreadsheet applications, which files may have been attached to electronic mail, do not store data as searchable text. Instead, such data is saved in a proprietary non-text format. And, as the volume of storage allotted by service providers increases, the time it takes to properly analyze recovered data increases dramatically. The ISPs do not always organize the electronic files they provide chronologically, which makes review even more time consuming and may also require the examiner to review each page or record for responsive material.

14. Based on the foregoing, searching the recovered data for the information subject to seizure pursuant to this warrant may require a range of data analysis techniques

5

and may take weeks or even months. Keywords need to be modified continuously based upon the results obtained and, depending on the organization, format, and language of the records provided by the ISP, examiners may need to review each record to determine if it is responsive to Attachment B. The personnel conducting the examination will complete the analysis within ninety (90) days of receipt of the data from the service provider, absent further application to this court.

15. Based upon my experience and training, and the experience and training of other agents with whom I have communicated, it is necessary to review and seize all electronic mails that identify any users of the Subject Account and any electronic mails sent or received in temporal proximity to incriminating electronic mails that provide context to the incriminating mails.

16. All forensic analysis of the imaged data will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

## CONCLUSION

17. Based on the foregoing, including the statement of Probable Cause in the Prior Warrant, there is probable cause to believe that the items identified in Attachment B have been used in the commission of a crime and constitute evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841, 846 and will be found at the premises to be searched in the data already provided by Google LLC in the FBI's possession, as outlined in Attachment A.

//
//
//
//
//
//
//

18.  I therefore respectfully request this Court issue a warrant to search the Google LLC data already in the FBI's possession pursuant to the Prior Warrant and seize items that constitute evidence, fruits, and instrumentalities of violations of federal criminal law, namely, Title 21, United States Code, Sections 841(a)(1), 846 (Conspiracy to Distribute Controlled Substances), as described in Attachment B.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Nicholas I. Cheviron
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 12th day of September, 2022.

Hon. Allison H. Goddard
United States Magistrate Judge

7